UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DIANE T. ROGERS,**

    **Plaintiff,**

v.                                                                                              Case No: 5:21-cv-164-CEM-PRL

**MINNESOTA LIFE INSURANCE COMPANY, FRANKLIN MADISON GROUP, LLC, FINANCIAL SERVICES ASSOCIATION and REGIONS BANK,**

    **Defendants.**

## ORDER

This case is before the Court for consideration of Plaintiff's motion for leave to conduct jurisdictional discovery, or alternatively, for a 10-day stay of dismissal (Doc. 28), to which Defendant Affinion Benefits Group, LLC n/k/a Franklin Madison Group, LLC ("Franklin Madison") has responded in opposition (Doc. 31). For the reasons explained below, Plaintiff's request for limited jurisdictional discovery is due to be granted.

    **I.**    **Background**

In 2018, Plaintiff Diane Rogers's husband, Robert Rogers, died after collapsing and falling from his vehicle in a parking lot and suffering blunt force trauma to his head. (Doc. 1, p. 9). The toxicology report indicated Difluoroethane present in Mr. Rogers's system. (Doc. 1, p. 9). As alleged in the complaint, "Difluoroethane is a gaseous compound used as a refrigerant as well as a propellant in aerosol sprays and gas duster products of the sort used to clean computer keyboards. If inhaled, it can lead to lack of consciousness or even cardiac rhythm disturbances that may result in death. It is not a drug." (Doc. 1, p. 9).

Rogers filed a claim for the loss under an accidental death and dismemberment insurance policy that, as she alleges, was a joint enterprise on behalf of Defendants and offered to checking account customers such as herself at Regions Bank. The original policy (issued to Rogers in 2010) was insured by Hartford Life and Accident Insurance Company and serviced by Affinion as plan administrator, with quarterly premiums drawn from Rogers's bank account. (Doc. 1, p. 6). Between the time of the issuance of the policy and the death of Rogers's husband, various modifications were made to the policy, including a transfer to Minnesota Life Insurance Company as insurer and (as Rogers alleges) a reduction in the coverage. Meanwhile, the premiums drawn from Rogers's bank account remained the same, and Rogers alleges she was not made aware of a reduction in the coverage.

Rogers's claim was denied under an expanded exclusion regarding "[t]he use of alcohol, drugs, medications, poisons, gases, fumes or other substances taken, absorbed, inhaled, ingested or injected, unless taken upon the advice of a licensed physician in the verifiable prescribed manner and dosage." (Doc. 1, p. 8). Plaintiff claims that the expanded exclusion was not a part of the policy issued to her, and that the coverage was materially altered and the insurer changed without her knowledge as part of a scheme organized by Defendants. Rogers seeks damages and declaratory and equitable relief arising from Minnesota Life's failure to pay benefits under the policy, "given the failure of [Financial Services Association], Minnesota Life, Affinion and Regions Bank to notify Rogers of a material reduction in her policy's coverage, and their affirmative misrepresentation that no such reduction had occurred." (Doc. 1, p. 1).

As alleged in the complaint, Affinion Benefits Group, LLC is now known as Franklin

Madison Group, LLC, as Affinion Benefits Group, LLC became Franklin Madison Group, LLC in 2018. (Doc. 1, p. 2).

Previously, the Court ordered Plaintiff *sua sponte* to show cause why this case should not be dismissed for lack of subject matter jurisdiction. The Court stated:

> Further, the Complaint alleges that Defendant "Franklin Madison Group, LLC was domiciled in Tennessee and maintained its principal place . . . in Franklin, Tennessee." (Doc. 1 at 2). Citizenship of a limited liability company is determined by the citizenship of each member, as opposed to the state of formation or its principal place of business. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, the citizenship of any member-entities must be sufficiently alleged to allow the Court to "trace the parties' members' citizenship through however many layers of partners or members there may be." *Cherry Grp., LLC v. D.B. Zwirn Special Opportunities Fund, L.P.*, No. 3:08-cv-222-J-34TEM, 2014 WL 2801076, at *2 (M.D. Fla. June 19, 2014) (quotation omitted) (citing cases). The Complaint, therefore, fails to allege the citizenship of Franklin Madison Group, LLC because it fails to allege the citizenship of each of its members.

(Doc. 24, p. 2). Plaintiff filed a partial response to the order (Doc. 25), and subsequently filed the motion for leave to conduct jurisdictional discovery or, alternatively, for a 10-day stay of dismissal that is currently before the Court.

## II. Legal Standards

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). For this Court to properly exercise jurisdiction under § 1332(a), complete diversity must exist at the time of filing. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir.1999). An unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. *See Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir.1987) (recognizing that "[t]he Supreme Court has declined to depart from the common law rule that unincorporated associations are not juridical personalities to which diversity jurisdiction should be extended"); *see also Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182, 184 (3d Cir.2008); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir.2004) (*per curiam*). Instead, "the citizenship of its members is determinative of the existence of diversity of citizenship." *Xaros*, 820 F.2d at 1181*; see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (concluding that "diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of all the members, the several persons composing such association, each of its members" (internal quotation marks and citations omitted)); *Swiger*, 540 F.3d at 182; *Underwriters at Lloyd's, London v. Osting–Schwinn*, 613 F.3d 1079, 1089 (11th Cir.2010) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations are all treated as citizens of every state of which any partner or member is a citizen." (internal quotation omitted)). The Eleventh Circuit has expressly held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P,* 374 F.3d at 1022.

Federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits. *See Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 351 n. 13, (1978). *See also Eaton v. Dorchester Dev., Inc*., 692 F.2d 727, 734 (11th Cir. 1982) (reversing and remanding case for discovery of jurisdictional facts).

### III. Discussion

Plaintiff Diane Rogers requests leave to conduct jurisdictional discovery focused on the identity of the membership of Franklin Madison. It appears to be undisputed that the ownership of Franklin Madison is held through several layers of holding entities. As Franklin Madison states:

> • The sole member, and owner, of Franklin Madison is AIS Holdco, LLC ("AIS Holdco") a Delaware limited liability company.
>
> • The sole member of AIS Holdco is AIS Intermediate, LLC ("AIS Intermediate"), also a Delaware limited liability company.
>
> • The sole member of AIS Intermediate is AIS Investment, LLC ("AIS Investment"), a Delaware limited liability company.

(Doc. 31, p. 4). Further, Franklin Madison has "advised that AIS Investment's membership consists of individual investors and entities (which own less than 10%); and three limited partnerships controlled by Mill Point capital LLC ("Mill Point"), which is a New York Private Equity Firm." (Doc. 31, p. 4). Defendants assert that there are numerous individual private equity investors who are limited partners of the three limited partnerships. (Doc. 31, p. 4).

Rogers seeks leave to serve discovery requests tailored to the jurisdictional issues surrounding Franklin Madison. Franklin Madison objects, arguing that it would be unduly burdensome, given the thousands of individual investors involved, to require Franklin Madison to determine the identify, and citizenship, of each investor as of March 17, 2021. Franklin Madison, however, cites no specific authority for this proposition that such an

endeavor would be unduly burdensome. Rather, it simply cites authority establishing that the requisite diversity must only exist at the time the action is commenced, citing *Keishian v. Buckley*, 752 F.2d 1513, 1514 (11th Cir. 1984). Also, Franklin Madison "estimates that it would take significant hours to generate the information Plaintiff requires to establish Franklin Madison's citizenship." (Doc. 31, p. 5).

While the Court appreciates Franklin Madison's concerns regarding the potential burden and complexity of the discovery requests, those concerns are premature because the contemplated discovery requests have not yet been served and any objections are only theoretical. Under Rule 26(b)(1), considerations regarding the scope of discovery include the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. These are all factors that the parties and Court are obliged to consider. This Court's jurisdiction is a threshold issue and, indeed, is one that has already been the subject of an order to show cause. For these reasons, the Court finds Plaintiff Diane Rogers is entitled to conduct limited discovery tailored to determining the citizenship of Franklin Madison. The parties are encouraged to work together in good faith to facilitate the discovery efforts and are reminded of their obligations under Rule 3.01(g).[1] The Court expects counsel to fully comply with both the letter and spirt of Local Rule 3.01(g).

---

[1] Local Rule 3.01(g) provides that "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion" The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1(M.D. Fla. Aug. 14, 2000)

As a final matter, Plaintiff's alternate request for a 10-day stay of dismissal is moot at this time, as is Defendant's contention that Franklin Madison is not an indispensable party.

## IV.     Conclusion

For the reasons stated above, Plaintiff's motion for leave to conduct jurisdictional discovery (Doc. 28) is GRANTED. The parties shall have until November 30, 2021 within which to conduct jurisdictional discovery as set forth in this Order. Further, and in light of that discovery, on or before December 1, 2021, Plaintiff shall supplement her response to the Court's previous Order directing her to show cause why this case should not be dismissed for lack of jurisdiction. (Doc. 24).

**DONE** and **ORDERED** in Ocala, Florida on September 1, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties