UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DIANE T. ROGERS,**

    **Plaintiff,**

v.                                                      Case No: 5:21-cv-164-CEM-PRL

**MINNESOTA LIFE INSURANCE
COMPANY, FINANCIAL SERVICES
ASSOCIATION and REGIONS BANK,**

    **Defendants.**

## ORDER

Pending before the Court is Plaintiff's motion to compel discovery (Doc. 58), Defendants' "partially unopposed" motion for leave to exceed page limitation and for a two-week extension of time to respond to Plaintiff's motion to compel (Doc. 59), Plaintiff's response to the motion to exceed the page limitation and for an extension of time (Doc. 60), and Defendants' notice of supplemental filing in support of their motion for an extension of time (Doc. 61).

Although Plaintiff's motion to compel states that, "[p]ursuant to Local Rule 3.01(g), the undersigned counsel certify that they conferred via electronic mail and/or telephone with counsel for Defendants on February 11, February 15, and March 8, 2022," it is apparent that the parties would benefit from renewed efforts to meet and confer regarding the issues raised by the motion to compel. Defendants seek leave to file a 40-page response to the motion to compel, and an extension of time until May 17, 2022 (Doc. 59), and that request is partially opposed by Plaintiff.

The basis for Plaintiff's partial opposition to Defendants' request for additional time is that, as Plaintiff contends, Defendants intend to prepare testimonial discovery objections not exchanged during the conferral process, even though Rogers asked about them." (Doc. 60, p. 2). Meanwhile, a review of Plaintiff's motion to compel and Defendants' objections reveals that the parties disagree regarding the scope of discovery, despite the Court's resolution of prior discovery disputes.

In the Court's prior Order, the parties were advised as follows:

> Going forward, the parties are reminded that both the parties themselves and the interests of justice are best served by counsel making every effort to meaningfully confer in good faith to resolve any disputes regarding discovery. Indeed, it is the parties' obligation under Local Rule 3.01(g), and the Court expects the parties to fulfil both the letter and the spirit of the rule. When disputes arise regarding discovery requests, particularly when those requests are voluminous, a good faith conference will typically require the parties to confer either in person or via telephone and meaningfully discuss <u>each and every</u> individual request that remains in dispute.

(Doc. 44 at 10). The parties' current conflict regarding whether the extension of time will be used to raise new objections underscores the need for the parties to conduct thorough and meaningful Rule 3.01(g) conferences.

Accordingly, upon due consideration, it is Ordered that:

1. Plaintiff's motion to compel (Doc. 58) is taken under advisement.
2. On or before May 13, 2022, Counsel is directed to meet and confer pursuant to Local Rule 3.01(g), either in person or via telephone, regarding the issues raised by Plaintiff's motion to compel. Counsel shall specifically and meaningfully discuss <u>each and every</u> individual request that remains in dispute, as well as the objections to those requests in a good faith effort to resolve the issues raised by

the motion. The parties shall allot sufficient time for the conference to allow meaningful discussion of each request and objection that remains in dispute.

3. By written notice filed on or before May 16, 2022, Counsel shall notify the Court regarding the outcome of the parties' renewed 3.01(g) conference and shall specify whether and the extent to which the motion to compel requires resolution by the Court. The notice shall also specify the time, date, manner, and duration of the parties' conference and shall identify by name which counsel attended the conference on behalf of the parties.

4. Should issues remain requiring the Court's resolution, Defendants shall then have until May 20, 2022, within which to file a response to Plaintiff's motion to compel, not to exceed 35 pages in length.

**DONE** and **ORDERED** in Ocala, Florida on May 2, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties